UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CLIFTON BEAL,<br><br>Petitioner,<br><br>v.<br><br>JASON SCHULTZ, Warden,[1]<br><br>Respondent. | Case No. 24-cv-03660-AMO (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY; AND DENYING AS MOOT ALL REMAINING PENDING MOTIONS**<br><br>Re: Dkt. No. 19, 22, 23, 24, 25, 28, 29, 31 |

## I. INTRODUCTION

Petitioner Charles Clifton Beal, a state prisoner currently incarcerated at California State Prison - Sacramento, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, representing himself. Dkt. 1. Thereafter, the Court issued an order to show cause. Dkt. 17.

Before the Court is Respondent's motion to dismiss the instant petition without prejudice due to ongoing state court proceedings. Dkt. 22. Beal opposes the motion and has filed numerous pending motions. Dkts. 19, 23, 24, 25, 28, 29, 31. Respondent has filed a reply. Dkt. 26

Having considered all of the papers filed by the parties, the Court **GRANTS** Respondent's motion to dismiss the petition, and **DENIES** as moot all of Beal's remaining pending motions.

## II. BACKGROUND

On October 30, 2023, an Alameda County jury found Beal guilty of first degree murder and possession of a firearm by a felon. Resp't Ex. 1, Clerk's Transcript ("CT") 245-246. The jury also found true, with respect to the murder, enhancements for personal use of a firearm and personal infliction of great bodily injury. CT 245-246. On January 10, 2024, the California Court of Appeal dismissed Beal's premature appeal because he had not yet been sentenced. CT 335. On

---

[1] Jason Schultz, the current acting warden of the prison where Beal is incarcerated, has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

February 27, 2024, the state court found Beal had been convicted of several prior offenses, including a prior strike conviction. CT 338-339. On March 20, 2024, the trial court sentenced him to sixty years to life in state prison. CT 369. Beal appealed and filed his opening brief on February 20, 2025. Resp't Reply Ex. 1 at 5-51.

Beal has also sought collateral review in state court as evidenced by his notice and request for ruling on a petition for writ of habeas corpus pending in San Francisco County Superior Court. Dkt. 23 at 4. To date, neither party has updated the Court as to the status of Beal's state superior court habeas petition. Furthermore, according to its online database, Beal has also filed a state habeas petition in the California Supreme Court on June 4, 2025. *See Beal (Charles Clifton) on H.C.*, Case No. S291322 (June 4, 2025). Beal's state habeas petition remains pending there. *See id.*

On May 31, 2024, the present petition was received by the Ninth Circuit Court of Appeals. Dkt. 1. On June 14, 2024, the Ninth Circuit issued an order transferring the matter to this Court. Dkt. 2. On January 2, 2025, the Court issued an order to show cause. Dkt. 17.

## DISCUSSION

Respondent argues that the Court must dismiss this petition in keeping with *Younger* abstention. *Younger* abstention requires that, under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971); *Samuels v. Mackell*, 401 U.S. 66, 68-74 (1971). *Younger* abstention is mandated when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). The Ninth Circuit also requires that "the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *SJSVCCPAC v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (citing cases).

Respondent argues that *Younger* abstention is appropriate here because Beal's state appeal

is currently pending. Dkt. 22 at 2-4; Dkt. 26 at 2-3. Respondent specifically argues that Beal "must exhaust his claims in state court before the federal court can grant habeas relief." Dkt. 26 at 2 (citing 28 U.S.C. § 2254(b)(1)). The Court agrees that *Younger* abstention is appropriate here.

First, state proceedings are ongoing, as they were initiated before any proceedings of substance on the merits have taken place in federal court. *See Nationwide Biweekly Administration, Inc. v.* Owen, 873 F.3d 716, 728 (9th Cir. 2017). Beal initiated a separate state proceeding when he appealed his conviction in state court and filed his state habeas petition in the California Supreme Court. Those state proceedings remain pending. As Respondent correctly notes, the rationale of *Younger* applies throughout appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 607-11 (1975) (holding that *Younger* abstention applies to prevent federal intervention in state judicial proceeding in which losing litigant has not yet exhausted his state appellate remedies); *see also Dubinka v. Judges of the Sup. Ct.*, 23 F.3d 218, 223 (9th Cir. 1994) (finding that even if criminal trials were completed at time of abstention decision, state court proceedings still considered pending).

Second, state criminal proceedings implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (noting that the Court has recognized that the "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief").

Third, the state proceedings afford Beal adequate opportunity to raise the constitutional issues in that he is not precluded from raising the same challenges that he has raised here.

Finally, the practical effect of granting habeas relief in this action would interfere with the ongoing state court proceedings in that it would imply the invalidity of the conviction and require this Court to make findings about whether the underlying trial violated Beal's constitutional rights.

Because *Younger* abstention is appropriate, Respondent's motion to dismiss the instant petition due to ongoing state court proceedings is **GRANTED**. Dkt. 22. The dismissal is without prejudice to Beal filing a new petition when all state court proceedings are concluded.

### III. CERTIFICATE OF APPEALABILITY

The Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is **DENIED**.

### IV. CONCLUSION

For the reasons set forth above, Respondent's motion to dismiss the instant petition due to ongoing state court proceedings is **GRANTED**. Dkt. 22. A certificate of appealability is **DENIED**. The instant petition is **DISMISSED** without prejudice to filing a new petition when all state court proceedings are concluded. Beal is cautioned that there is a one-year statute of limitations for the filing of a federal petition for writ of habeas corpus. *See* 28 U.S.C. § 2244(d). Once the state court proceedings are concluded, Beal should not delay in returning to federal court with any new petition.

The Clerk of the Court shall close the case, and all remaining pending motions are **DENIED** as moot. Dkts. 19, 23, 24, 25, 28, 29, 31. The Clerk shall also substitute Jason Schultz as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: September 3, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**